# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO AGUILAR,<br><br>    Plaintiff,<br><br>    v.<br><br>KIM HOLLAND, et al.,<br><br>    Defendants. | Case No.  1:13-cv-01356 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING MOTION FOR INJUNCTIVE RELIEF<br><br>[ECF No.13] |

      Plaintiff Benito Aguilar, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 26, 2013.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On April 23, 2014, the Court screened the Complaint and dismissed it with leave to amend.  On May 22, 2014, Plaintiff filed a First Amended Complaint.  On October 2, 2014, Plaintiff filed a motion for leave to file a Second Amended Complaint.  By separate order, the Court granted Plaintiff's motion to file a second amended complaint.

      On August 29, 2014, Plaintiff filed a motion for injunctive relief.  Plaintiff asks that the Court order Defendants to provide him with a mobility-impaired accommodation chrono, and provide him with special housing and special handcuffing and restraints.

      A preliminary injunction is an extraordinary remedy never awarded as of right.  <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 24 (2008) (citation omitted).  For each

1  form of relief sought in federal court, Plaintiff must establish standing. <u>Summers v. Earth Island
2  Institute</u>, 555 U.S. 488, 493 (2009) (citation omitted); <u>Mayfield v. United States</u>, 599 F.3d 964,
3  969 (9th Cir. 2010) (citation omitted).  This requires Plaintiff to show that he is under threat of
4  suffering an injury in fact that is concrete and particularized; the threat must be actual and
5  imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the
6  defendant; and it must be likely that a favorable judicial decision will prevent or redress the
7  injury. <u>Summers</u>, 555 U.S. at 493 (quotation marks and citation omitted); <u>Mayfield</u>, 599 F.3d at
8  969.  Further, any award of equitable relief is governed by the Prison Litigation Reform Act,
9  which provides in relevant part, "Prospective relief in any civil action with respect to prison
10 conditions shall extend no further than necessary to correct the violation of the Federal right of a
11 particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief
12 unless the court finds that such relief is narrowly drawn, extends no further than necessary to
13 correct the violation of the Federal right, and is the least intrusive means necessary to correct the
14 violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

15      Plaintiff filed a First Amended Complaint which has not yet been screened by the Court.
16 In a separate order issued concurrently with this order, the Court granted Plaintiff's motion for
17 leave to file a Second Amended Complaint.  Until Plaintiff files the Second Amended Complaint
18 and the Court is able to determine which claims are cognizable and appropriately raised in this
19 action, the Court lacks jurisdiction to issue any preliminary injunctions.  18 U.S.C. §
20 3626(a)(1)(A); <u>Summers</u>, 555 U.S. at 493; <u>Mayfield</u>, 599 F.3d at 969.

21                                        **RECOMMENDATION**

22      For the reasons set forth above, IT IS HEREBY RECOMMENDED that Plaintiff's
23 motion for preliminary injunction be DENIED.

24      These Findings and Recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30)
26 days after being served with these Findings and Recommendations, any party may file written
27 objections with the Court and serve a copy on all parties. Such a document should be captioned
28 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated: **October 15, 2014**          /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE