# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO AGUILAR,<br><br>    Plaintiff,<br><br>v.<br><br>KIM HOLLAND, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01356 LJO DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT<br><br>[ECF No. 14] |

Plaintiff Benito Aguilar, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 26, 2013. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 23, 2014, the Court screened the Complaint and dismissed it with leave to amend. On May 22, 2014, Plaintiff filed a First Amended Complaint. On October 2, 2014, Plaintiff filed a motion to file a Second Amended Complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides that Plaintiff may amend with leave of the court, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the

amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).  However, "'[w]here the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied,'" E.E.O.C. v. Boeing, Co., 843 F.2d 1213, 1222 (9th Cir. 1988) (quoting Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810, 103 S.Ct. 35 (1982)), and the "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint," Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Here, Plaintiff seeks to file an amended complaint to add additional defendants and claims concerning additional related events that have occurred since the filing of the initial complaint.  Good cause having been presented, Plaintiff's motion will be granted.  However, the Second Amended Complaint must be complete within itself without reference to any other pleadings.  Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc); Local Rule 220.

Further, Plaintiff is notified that "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18.  Plaintiff will not be permitted to proceed with a "mishmash of a complaint," George, 507 F.3d at 607, and he is cautioned that if his Second Amended Complaint fails to comply with Rule 18(a), the Court will dismiss the unrelated claims.

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to file a Second Amended Complaint is GRANTED, and Plaintiff is GRANTED thirty (30) days from the date of service of this Order to file the Second Amended Complaint.

IT IS SO ORDERED.

Dated: **October 15, 2014**                    /s/ *Dennis L. Beck*
                                                             UNITED STATES MAGISTRATE JUDGE