UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO AGUILAR | CASE No. 1:13-cv-01356-LJO-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT WITH PREJUDICE |
| v. | |
| KIM HOLLAND, et al., | [ECF No. 26] |
| Defendants. | THIRTY-DAY DEADLINE |

**I.      Background**

Plaintiff Benito Aguilar ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 26, 2013. On April 23, 2014, the Court screened the complaint and dismissed it with leave to amend. On May 22, 2014, Plaintiff filed a First Amended Complaint. On October 2, 2014, Plaintiff moved for leave to file a Second Amended Complaint, and the Court granted Plaintiff's motion on October 15, 2014. On September 16, 2015, the Court screened the Second Amended Complaint and struck it for failing to comply with the Court's screening order. Plaintiff was granted leave to file a Third Amended Complaint ("TAC"). On October 13, 2015, Plaintiff filed a TAC which is currently pending before this Court.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II. Discussion**

    A. <u>Facts</u>

Plaintiff is currently incarcerated at Folsom State Prison. He brings claims concerning events which occurred while Plaintiff was incarcerated at California Correction Institution ("CCI") in Tehachapi, California. Plaintiff names as Defendants: Warden Kim Holland, Dr. Harold Tate, Dr. Khan Lee, Dr. T. Bingamon, Dr. A. Joaquin, Dr. S. Shiesha, Chief California Correctional Healthcare Services Officer L.D. Zamora, Deputy Director of Policy and Risk Management Services of California Correctional Healthcare Services J. Lewis, CCI Chief Executive Officer D. Longcrier, CCI Chief Physician and Surgeon U. Baniga, Healthcare Services Appeals Coordinator L. Ledford, CCI Appeals Coordinator J. Wood, Dr. R. Allen, Dr. Mehul Taylor, and Dr. Young N. Paik.

Plaintiff states that on March 12, 2008, he was the victim of a serious physical assault and battery. He sustained various serious injuries including: dislocated left elbow, left arm fracture, ligament and nerve damage from the left hand to the left shoulder, left shoulder dislocation, rotator cuff tear, and left arm biceps tear. Plaintiff experiences numbness extending down his left upper

extremities; pain to his left shoulder blade, tailbone, lower back, jaw, neck, head, right leg, and right ankle; and dizziness. Plaintiff continues to complain of pain, discomfort, suffering, and emotional distress as a result of these injuries.

Plaintiff has sought and continues to seek medical attention for his pain and suffering. He has filed grievances on numerous occasions through the assigned nurses and doctors, and has presented personally recommended medical documents to the CCI medical personnel, the medical Authorization Review Committee, appeals coordinators, and administration in order to be seen by a physician or orthopedist but his requests have been denied or delayed.

Plaintiff underwent surgery on July 10, 2013. Plaintiff complains that prior to and following the surgery, he was not given a comprehensive accommodation chrono for special handcuffing to accommodate his pain, discomfort, suffering and straining to his left shoulder, arm and elbow. He was given an assistive device and sling for post-surgery by Dr. K. Lee or Dr. H. Tate, but he was not given an accommodation post-surgery for special handcuffing. Plaintiff complains his post-operative care was handled in an unprofessional manner inconsistent with CDCR policies. As a result, Plaintiff continues to go through significant discomfort, pain, suffering, and emotional distress.

Plaintiff informed Dr. H. Tate that Dr. Mehul Taylor had recommended an MRI of his left shoulder to evaluate and follow up post-surgery. Plaintiff claims the follow-up appointments were handled in an unprofessional manner inconsistent with CDCR policies. Specialty clinic personnel neglected to adhere to follow-up appointments which further delayed medical treatment. In addition, Joseph L. McQuirter, D.D.S., recommended that Plaintiff be evaluated by a neurologist and orthopedic surgeon for his shoulder but it was handled in an unprofessional manner inconsistent with CDCR policies.

Plaintiff seeks compensatory, punitive and nominal damages against all Defendants.

B.     Linkage

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of*

3

*Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and some causal connection between the conduct of each named defendant and the violation at issue must exist. *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Here, Plaintiff fails to link Defendants Holland, Bingamon, Joaquin, Shiesha, Zamora, Lewis, Longcrier, Baniga, Ledford, Wood, Allen, Taylor, and Paik to any specific conduct. Therefore, Plaintiff fails to state a claim against these Defendants.

C. <u>Eighth Amendment – Medical Deliberate Indifference</u>

Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Id*.

4

The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim. *Snow v. McDaniel*, 681 F.3d 978, 990 (9th Cir. 2012); *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). However, deliberate indifference must be shown and it is a high legal standard. *Toguchi*, 391 F.3d at 1060 (quotation marks omitted). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id*. (quoting *Gibson v. Cnty. of Washoe, Nev*., 290 F.3d 1175, 1188 (9th Cir. 2002)).

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds, Peralta v. Dillard*, 744F.3d 1046 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Here, Plaintiff fails to state a claim for medical deliberate indifference against any Defendants. The Court recognizes Plaintiff's continuing pain, however, Plaintiff's allegations against Defendants do not rise to the high legal standard required to constitute deliberate indifference. *Toguchi*, 391 F.3d at 1060. Defendants repeatedly examined Plaintiff and treated him with pain medication, slings, and assistive devices for his injuries. Although Plaintiff alleges that Defendants incorrectly treated Plaintiff's injuries, which caused him serious pain, medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff alleges that Dr. Taylor recommended a MRI of his shoulder but Defendant Tate denied Plaintiff this treatment. However, difference of opinion

5

between a physician and the prisoner or between medical professionals concerning what medical care is appropriate does not amount to deliberate indifference. *Snow*, 681 F.3d at 987. Accordingly, Plaintiff fails to state any claims for medical deliberate indifference to support an Eighth Amendment claim.

### D. State Law Claims—Medical Malpractice

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has not alleged compliance with the Tort Claims Act and therefore fails to state a claim for medical malpractice against any defendants.

### E. Supervisory Liability

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior, Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934, and as administrators, Defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126

F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff lists a number of Defendants who were supervisors or persons in position of authority, including Defendants Holland, Joaquin, Shiesha, Zamora, Lewis, Longcrier, Baniga, Ledford, and Wood, however, these Defendants were not present for any of the incidents Plaintiff alleges. Plaintiff has failed to allege that Defendants participated, directed, or knew of the violations and failed to act to prevent them. Accordingly, Plaintiff has not stated any claims against Defendants Holland, Joaquin, Shiesha, Zamora, Lewis, Longcrier, Baniga, Ledford, and Wood under a theory of supervisor liability.

F. Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff fails to show how any Defendants took any adverse action against him because of protected conduct, and that such action chilled his First Amendment rights. Accordingly, Plaintiff fails to state a claim of retaliation against any Defendant.

G. <u>Substantive Due Process</u>

Plaintiff alleges, without elaboration, that Defendants' actions also violated his due process rights under the Fourteenth Amendment. However, "[t]o establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).

In this case, Plaintiff's allegations implicate the First and Eighth Amendments, and therefore, those Amendments "provide[] [the] explicit textual source of constitutional protection . . . ." *Patel*, 103 F.3d at 874. Plaintiff may not attempt to also pursue a substantive due process claim based on his allegations.

## III. Conclusion and Recommendation

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with opportunities to amend and he was unable to cure the deficiencies. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez*, 203 F.3d at 1130. Based on the nature of the deficiencies, further leave to amend is not warranted, and the Court HEREBY RECOMMENDS as follows:

1. Plaintiff's complaint be dismissed, without leave to amend, for failure to state a claim under section 1983;

2. The Clerk of Court be directed to enter judgment; and

3. The dismissal count as a strike under 28 U.S.C. § 1915(g).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written

8

objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated: __**July 13, 2016**__                    /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE