UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO AGUILAR,<br><br>    Plaintiff,<br><br>    v.<br><br>KIM HOLLAND, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01356-LJO-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT<br><br>(ECF NO. 34) |

Benito Aguilar ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On August 23, 2016, the Court adopted the assigned magistrate judge's findings and recommendations in full (ECF No. 32), dismissed this action, with prejudice, because Plaintiff failed to state a claim (id.), and entered judgment (ECF No. 33).

On September 8, 2016, Plaintiff filed a motion to alter order adopting findings and recommendations and dismissing third amended complaint with prejudice ("the Motion"). (ECF No. 34).

The Ninth Circuit has held that:

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

1

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).  Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

Plaintiff argues that the judgment should be altered because he is not well educated, and that he needs the assistance of appointed counsel in order to "correct his wrongs in this complaint I have filed."

Plaintiff has failed to establish grounds for altering the judgment.  In the Motion, Plaintiff simply alleges that he is not well educated, and that he needs appointed counsel.  However, Plaintiff already requested counsel twice in this case (ECF Nos. 6 & 15), and both of those requests were denied (ECF Nos. 8 & 16).  Plaintiff did not request that the previous denials be reconsidered, or file a new motion to appoint counsel.  However, even if he did, this Court finds, as Magistrate Judge Dennis L. Beck did, that "the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims." (ECF No. 16, p. 2).

As Plaintiff has failed to establish grounds for altering the judgment, the Motion will be denied.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

Dated: __**September 28, 2017**__    _____/s/ Lawrence J. O'Neill_____
                                                              UNITED STATES CHIEF DISTRICT JUDGE